JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SANDRA CORONADO and FRANCIS SERRANO

**(b)** County of Residence of First Listed Plaintiff **New Jersey**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Diana Lakic, Esquire
42 East Westfield Avenue,
Roselle Park, NJ 07204 (908) 272-3700

## DEFENDANTS
KALVIN JAMES SALES,

County of Residence of First Listed Defendant **California**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Christopher Chancler,Esquire/Marc Perry, Esquire
Post & Schell, P.C., 100 Overlook Drive
Princeton, NJ 08540 (215) 587-6637

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
12/15/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

POST & SCHELL, P.C.
CHRISTOPHER T. CHANCLER, ESQUIRE
E-MAIL: cchancler@postschell.com
NJ I.D. #030962011
100 OVERLOOK DRIVE
OVERLOOK CENTER, 2ND FLOOR
PRINCETON, NJ  08540
215-587-6637

ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| SANDRA CORONADO AND FRANCIS SERRANO,<br><br>Plaintiffs,<br><br>vs.<br><br>KALVIN JAMES SALES, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a/k/a CHURCH OF JESUS CHRIST LDS, ET AL,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br><br>NO. |

**<u>DEFENDANTS, KALVIN JAMES SALES AND CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS A/K/A CHURCH OF JESUS CHRIST LDS', PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441</u>**

Defendants, Kalvin James Sales and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints a/k/a Church of Jesus Christ LDS, by and through their attorneys, Post & Schell, P.C., hereby petition to remove the above-captioned action, which is presently in the Superior Court of New Jersey, Hudson County, L-1919-17, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, aver as follows:

I.    <u>**NATURE OF ACTION**</u>

1.    This action arises out of an alleged motor vehicle accident that occurred on October 10, 2015 in Jersey City, NJ. <u>See</u> a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A".

2.       Upon information provided by Plaintiffs' counsel, Plaintiffs are both residents of New Jersey.

3.       At the time of the filing of the Complaint Defendant, Kalvin James Sales, was a resident of California with an address of 744 W. Redlands Avenue, Mountain House, CA. See Affidavit of Kalvin James Sales attached hereto as Exhibit "B."

4.       Defendant, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints a/k/a Church of Jesus Christ LDS is a Utah corporation with a principal place of business located at 50 East North Temple, Salt Lake City, Utah 84150. See Affidavit of Paul D. Rytting attached as Exhibit "C."

5.       As a result of the subject accident, Plaintiff alleges to have been "violently tossed about" and claims to have sustained serious permanent personal injuries, which have caused pain, diminished mobility and difficult in ambulation.   See Exhibit "A" at ¶ 5.

6.       Plaintiff is also alleging to have incurred past and future medical expenses, that she has been disabled and will continue to be in the future, that she is unable to perform her usual functions, and that she has experienced great pain and suffering. See Exhibit "A" at ¶ 6.

## II.   PROCEDURAL HISTORY

7.       On or about May 9, 2017 Plaintiff filed a Complaint in the Superior Court of New Jersey, Hudson County. See Exhibit "A."

8.       The Complaint was served on Defendant, Kalvin James Sales, via personal service on November 16, 2017.

9.       Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendants shall have thirty (30) days after service of the Complaint to file a notice of removal.

10.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendant Sales and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.     LEGAL ARGUMENT

### A.     THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

11.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

12.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

13.     Whether diversity jurisdiction exists is determined by examining the citizenship of the parties *at the time the complaint was filed*. Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995)[emphasis added]; see also Clements v. Sanofi-Aventis, U.S., Inc., 2016 U.S. Dist. LEXIS 44585 at *3-4 (D.N.J. March 17, 2016).

14.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

15.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

16.     As stated above, Plaintiffs are both residents of New Jersey, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints is a Utah corporation with a

principal place of business in Utah, and Kalvin James Sales was a resident of California at the time of the filing of the Complaint.

17.     As a result, there is complete diversity of citizenship between the Plaintiffs (New Jersey) and the Defendants (Utah and California).

### B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

18.     Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

19.     The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

20.     "The amount in controversy is **not** measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

21.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. Id.; see also Elghali v. Johnson 2008 U.S. Dist. LEXIS 37704 (D.N.J. May 8, 2008) (citing Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193 (D.N.J. 2006))(stating that when the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim).

22.     In this case,  as a result of the subject accident, Plaintiff alleges to have been "violently tossed about" and claims to have sustained serious permanent personal injuries, which have caused pain, diminished mobility and difficult in ambulation. Plaintiff is also alleging to

have incurred past and future medical expenses, that she has been disabled and will continue to be disabled in the future, that she is unable to perform her usual functions, and that she has experienced great pain and suffering. See Exhibit "A" at ¶ 5& 6.

23.     Considering all of these items of claimed recoverable damages, while Defendants dispute Plaintiff's allegations, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 minimum.

## IV.     CONCLUSION

24.     Therefore, with both the existence of diversity of citizenship between the parties and the amount of controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE,** Defendants, Kalvin James Sales and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints a/k/a Church of Jesus Christ LDS, respectfully request that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY: _____

**DATED:** December 15, 2017

CHRISTOPHER T. CHANCLER, ESQUIRE
Attorneys for DEFENDANTS

5

# EXHIBIT "A"

## CIVIL ACTION COMPLAINT

## SUPERIOR COURT OF NEW JERSEY, HUDSON COUNTY

LAW OFFICES OF DIANA LAKIC LLC
42 EAST WESTFIELD AVE.
ROSELLE PARK, NJ 07204
908-272-3700
Attorney for Plaintiffs Sandra Coronado and Francis Serrano
By: Diana Lakic, Esq.
Attorney ID: 031782009

CUSTOM

**MAY 0 9 2017**

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #1

---

SANDRA CORONADO AND FRANCIS
SERRANO,

                        **Plaintiffs,**

vs.

KALVIN JAMES SALES,
CORPORATION OF THE PRESIDING
BISHOP OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS
a/k/a CHURCH OF JESUS CHRIST LDS,
JOHN DOES 1-10 (fictitious names) and
ABC CORPS 1-10, (fictitious names)

                    **Defendants.**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUDSON COUNTY
DOCKET NO.: _____ L-1919-17

CIVIL ACTION

COMPLAINT, JURY DEMAND, AND
DISCOVERY DEMANDS

---

      Plaintiffs, SANDRA CORONADO AND FRANCIS SERRANO, by their attorney, Diana

Lakic, Esq. complain of the Defendants as follows:

### COUNT ONE

1.      On or about October 10, 2015 the Plaintiff, SANDRA CORONADO was the operator of

a vehicle (hereinafter "Vehicle 1") which was stopped at a traffic light on Sip Avenue near the

intersection with Tonnelle Avenue, in Jersey City, New Jersey.

2.      At the aforementioned time and place, Defendant, KALVIN JAMES SALES and/or

JOHN DOES 1-10, said names being fictitious names and presently unknown, was the driver of

another vehicle (hereinafter "Vehicle 2").

3.      At the aforementioned time and place, driver of Vehicle 2, Defendant KALVIN JAMES

SALES, attempted to merge and rear-ended Vehicle 1, causing the collision.

4.     The Defendant, KALVIN JAMES SALES and/or JOHN DOES 1-10, said names being fictitious names and presently unknown controlled and/or operated Vehicle 2 in a careless, negligent, and reckless manner.

5.     As a direct and proximate result of the aforesaid negligence of Defendant KALVIN JAMES SALES and/or JOHN DOES 1-10, said names being fictitious names and presently unknown, Plaintiff SANDRA CORONADO was violently tossed about, and sustained serious permanent personal injuries. These injuries have caused pain, diminished mobility and difficulty in ambulation.

6.     Plaintiff SANDRA CORONADO has incurred and in the future will incur expenses for the treatment of said injuries. As a result of said injuries, Plaintiff SANDRA CORONADO has been disabled and in the future will be disabled and unable to perform her usual functions, has been caused and in the future will be caused great pain and suffering, to her great loss and damage.

**WHEREFORE,** Plaintiff SANDRA CORONADO demands judgment against Defendant KALVIN JAMES SALES and/or JOHN DOES 1-10, said names being fictitious names and presently unknown, for damages, interest and costs of suit.

### COUNT TWO

1.     Plaintiff SANDRA CORONADO repeats each and every allegation of Count One of the complaint and incorporates same as if fully set forth at length herein.

2.     Upon information and belief, Defendant  CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC CORPS 1-10, said names being fictitious names and

Page **2** of **12**

presently unknown, is the owner, lessor, and/or lessee of Vehicle 2.

3.     The Defendant, CORPORATION OF THE PRESIDING

BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH

OF JESUS CHRIST LDS and/or ABC CORPS 1-10, said names being fictitious names and

presently unknown, is directly negligent in permitting an unsafe driver operate Vehicle 2.

4.     As a direct and proximate result of the aforesaid negligence of Defendant

CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF

LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC CORPS 1-10,

said names being fictitious names and presently unknown, Plaintiff SANDRA CORONADO

was violently tossed about, and sustained serious permanent personal injuries. These injuries

have caused pain, diminished mobility and difficulty in ambulation.

5.     Plaintiff SANDRA CORONADO has incurred and in the future will incur expenses for

the treatment of said injuries. As a result of said injuries, Plaintiff SANDRA CORONADO has

been disabled and in the future will be disabled and unable to perform his usual functions, has

been caused and in the future will be caused great pain and suffering, to his great loss and

damage.

**WHEREFORE,** Plaintiff SANDRA CORONADO demands judgment against

Defendant CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS

CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC

CORPS 1-10, said names being fictitious names and presently unknown, for damages, interest

and costs of suit.

## COUNT THREE

1.   Plaintiff FRANCIS SERRANO repeats each and every allegation of Counts One through Count Two of the complaint and incorporates same as if fully set forth at length herein.

2.   On October 10, 2015, Plaintiff FRANCIS SERRANO was a passenger in vehicle 1, operated by Plaintiff, SANDRA CORONADO, which was stopped at a traffic light on Sip Avenue near the intersection with Tonnelle Avenue, in Jersey City, New Jersey.

3.   At the aforementioned time and place, driver of Vehicle 2, Defendant KALVIN JAMES SALES, attempted to merge and rear-ended Vehicle 1, causing the collision.

4.   The Defendant, KALVIN JAMES SALES and/or JOHN DOES 1-10, said names being fictitious names and presently unknown controlled and/or operated Vehicle 2 in a careless, negligent, and reckless manner.

5.   As a direct and proximate result of the aforesaid negligence of Defendant KALVIN JAMES SALES and/or JOHN DOES 1-10, said names being fictitious names and presently unknown, Plaintiff FRANCIS SERRANO was violently tossed about, and sustained serious permanent personal injuries. These injuries have caused pain, diminished mobility and difficulty in ambulation.

6.   Plaintiff FRANCIS SERRANO has incurred and in the future will incur expenses for the treatment of said injuries. As a result of said injuries, Plaintiff FRANCIS SERRANO has been disabled and in the future will be disabled and unable to perform his usual functions, has been caused and in the future will be caused great pain and suffering, to his great loss and damage.

**WHEREFORE,** Plaintiff FRANCIS SERRANO demands judgment against Defendant KALVIN JAMES SALES and/or JOHN DOES 1-10, said names being fictitious names and

Page 4 of 12

presently unknown, for damages, interest and costs of suit.

## COUNT FOUR

1.      Plaintiff FRANCIS SERRANO repeats each and every allegation of Count One, Count Two, and Count Three of the complaint and incorporates same as if fully set forth at length herein.

2.      Upon information and belief, Defendant CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC CORPS 1-10, said names being fictitious names and presently unknown, is the owner, lessor, and/or lessee of Vehicle 2.

3.      The Defendant, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC CORPS 1-10, said names being fictitious names and presently unknown, is directly negligent in permitting an unsafe driver operate Vehicle 2.

4.      As a direct and proximate result of the aforesaid negligence of Defendant CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC CORPS 1-10, said names being fictitious names and presently unknown, Plaintiff FRANCIS SERRANO was violently tossed about, and sustained serious permanent personal injuries. These injuries have caused pain, diminished mobility and difficulty in ambulation.

5.      Plaintiff FRANCIS SERRANO has incurred and in the future will incur expenses for the treatment of said injuries. As a result of said injuries, Plaintiff FRANCIS SERRANO has been disabled and in the future will be disabled and unable to perform his usual functions, has been caused and in the future will be caused great pain and suffering, to his great loss and

damage.

**WHEREFORE,** Plaintiff FRANCIS SERRANO demands judgment against Defendant CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS a/k/a CHURCH OF JESUS CHRIST LDS and/or ABC CORPS 1-10, said names being fictitious names and presently unknown, for damages, interest and costs of suit.

LAW OFFICES OF DIANA LAKIC LLC

By: _____

DIANA LAKIC
ATTORNEY FOR PLAINTIFFS

DATED:  May 9, 2017

## DEMAND FOR PLEADINGS/DISCOVERY

**TAKE NOTICE** that the undersigned attorney(s), counsel for the Plaintiff(s), hereby demands pursuant to Rules 1:5-1(a); 4:17-2(b)(i) and 4:17-4(c), that each party herein provide any and all such pleadings and answered Interrogatories received from any party including any documents, papers and other materials referred to herein, upon the undersigned attorney, and answer Form C(1) Interrogatories of Appendix II of the N.J. Rules of Court; and

**TAKE NOTICE** this is a continuing demand.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R 4:10-2(b) state whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Page **6** of **12**

Attach a copy of each insurance policy or in the alternative state:

A.   Name and address of insurer or issuer;

B.   Policy name;

C.   Date of inception and expiration of coverage;

D.   Names and addresses of all persons insured

thereunder;

E.   Name and address of person who has custody and

possession of policy.

## DEMAND FOR DOCUMENTS

1.   Please provide true copies of the communications, reports, records, notes, and other documents of any and all experts who have received any aspect of this case on behalf of defendant or defendant's attorneys and who are proposed expert witnesses on behalf of defendant in this matter.  This request includes, but is not limited to, true copies of any reports of tests and experiments conducted for this case.

2.   Medical Records of Plaintiff.

(a)   Records of evaluations and treatment.

(b)   Costs of medical treatment and diagnosis.

(c)   Hospital and Emergency Room Records.

(d)   Insurance Files or materials of any type whatsoever, including Central Index Bureau (C.I.B.) searches or photocopies thereof, in the possession of defendant, or their attorney in regard to plaintiff.

3.   Employment records of Plaintiff.

4.   Documents verifying the nature of the weather and/or accident cite conditions

immediately prior to the point in time of the accident.

5.     Any and all invoices, repair bills, appraisals, or any other documentary evidence demonstrating any damage and/or repairs to any vehicle involved in the accident (if applicable).

6.     Any and all expert reports on the issues of damages or liability.  The reports, materials, items and all other things created, examined or reviewed with reference to the above referred incident, or any and all experts who have received any aspect of this case on behalf of plaintiff or plaintiff's attorneys and who are proposed expert witnesses on behalf of plaintiff in this matter and who have submitted a report to either plaintiff or plaintiff's attorney.  The original or copies of all articles, publications, or writings authored or co-authored by the expert or toward which the expert contributed in any way.  A list of all research resources that the expert consulted or reviewed in reference to forming any opinion on the above entitled cause of action.  The original or copies of any medical records, reports, memoranda, books, treaties, papers, other documents, or effects that the expert consulted or reviewed that contributed to any aspect of any opinion the expert formed for this case.  The original or an exact copy of everything provided to the expert for this case by anybody especially the defendant or the defendant's attorney, agents, servants or assigns.  Every tangible thing that the expert has created, constructed, or experimented with or that was employed in any way to assist the expert in creating or explaining any belief, opinion, testimony or evidence that may be involved in this case.  All billings, invoices, and timekeeping records for all fees charges or to be charged in reference to this case, also, all fee agreements, arrangements, or descriptions.  Curriculum Vitae, resume or other document that reflects the expert's qualifications and any other document that reflects the expert's qualifications and any document that describes or explains the expert's billing procedures, amounts, and methods of payment.

Page 8 of 12

7.     Any and all statements taken of any party or witness to this suit, whether written or oral (if oral, set forth the names and address of the witness making such statement).

8.     All documents between you and any party herein that discusses or in any other way relates to the issues raised in this litigation regardless of whether such documents were initiated by you or by such other party or parties.

9.     All documents between you and any other person that discusses or in any other way related to the issues raised in this litigation regardless of whether such documents were initiated by you or by such other person.

10.     All documents generated by you that discuss or in any other way is relevant to the issues raised in this litigation.

11.     Any and all photographs, videotapes, movies, drawings, sketches, charts, X-rays, MRI, CAT Scans or other radiological films, tape recordings, voice recordings, maps, or reproductions of any nature whatsoever that were made with respect to anything regarding the subject matter of this litigation. State the identity of the party, the date made, the location of the document, and the name, address, and phone number of the custodian of same.   Annex copies of same unless specifically prohibited by law, and if prohibited, cite regulation including section and subsection.

12.     Copies of your answers to Interrogatories served in this action by any other party; and

13.     Copies of any other party's answers to Interrogatories served upon them by you.


14.     The entire claims filed relating to plaintiff's claim, including but not limited to the entire PIP file (if applicable.)

15.     Copies of any leases and policies of insurance issued to you which were in effect on the date of the accident as alleged in the Complaint.

16.     Copies of declaration pages of the policies of insurance issued to you which were in effect on the date of the accident as alleged in the Complaint.

17.     Copies of any written contract between the parties and copies of all written work orders executed subsequent to the signing of the contract.

18.     Police Investigation Reports and/or incident or miscellaneous reports pertaining to this accident.

19.     Transcripts of any Court Proceedings.

20.     Any and all documentary evidence which will be introduced for any reason at the time of trial.

21.     Any and all documents demonstrating any other claims or suits arising out of this same accident or regarding the same premises, including but not limited to copies of each and every pleading, interrogatories and answers, transcripts of oral depositions, notice to take oral depositions, and Orders.

22.     The Cellular telephone number for the defendant and the name of the provider at the time of the accident.

        Failure to provide the above within the thirty (30 day period required by Rule 4:18-1 will result in counsel for plaintiff applying to the Court for the appropriate sanctions, including but not limited to counsel fees and costs, precluding the use of any of the requested documents, as well as an Order, barring Defendants' defenses and striking their answer.

## JURY DEMAND

Plaintiffs  SANDRA CORONADO AND FRANCIS SERRANO  hereby demands a trial by jury on all of the triable issues of this Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

LAW OFFICES OF DIANA LAKIC LLC

By: _____
DIANA LAKIC
ATTORNEY FOR PLAINTIFFS

DATED:  May 9, 2017

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs  SANDRA CORONADO and FRANCIS SERRANO hereby designates Diana Lakic as Trial Counsel.

LAW OFFICES OF DIANA LAKIC LLC

By: _____
DIANA LAKIC
ATTORNEY FOR PLAINTIFFS

DATED:  May 9, 2017

**CERTIFICATION PURSUANT TO R. 4:5-1**

I certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. All parties known to Plaintiffs who should have been joined in this action, have been joined.

LAW OFFICES OF DIANA LAKIC LLC

By: _____

DIANA LAKIC
ATTORNEY FOR PLAINTIFFS

DATED: May 9, 2017

Page **12** of **12**

# EXHIBIT "B"

### AFFIDAVIT OF KALVIN JAMES SALES

| | |
|---|---|
| SANDRA CORONADO AND FRANCIS SERRANO,<br><br>Plaintiffs,<br><br>vs.<br><br>KALVIN JAMES SALES, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a/k/a CHURCH OF JESUS CHRIST LDS, ET AL,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>NO. |

### AFFIDAVIT OF KALVIN JAMES SALES

I, Kalvin James Sales, do hereby state as follows:

1.     I am an adult individual with a place of residence at 616 10th Street, Lyndhurst, New Jersey.

2.     However, at the time of the filing of the Complaint in the above-captioned matter (May 9, 2017) I was a resident of the State of California with an address of 744 W. Redlands Avenue, Mountain House, California.

KALVIN JAMES SALES

Sworn to before me this,
15th the day of *December*, 2017

NOTARY PUBLIC

INNES M MCEVOY
Notary Public, State of New Jersey
My Commission Expires
September 03, 2021

# EXHIBIT "C"

### AFFIDAVIT OF PAUL D. RYTTING

SANDRA CORONADO AND FRANCIS
SERRANO,

                            Plaintiffs,

            vs.

KALVIN JAMES SALES, CORPORATION
OF THE PRESIDING BISHOP OF THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, a/k/a CHURCH OF JESUS
CHRIST LDS, ET AL,

                            Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NO.

## AFFIDAVIT OF PAUL D. RYTTING

I, Paul D. Rytting, do hereby state as follows:

1.      I am an adult individual over the age of twenty-one and I have personal knowledge of the information set forth in this Affidavit.

2.      I am the Director of the Risk Management Division of the Finance and Records Department for Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints.

3.      Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints is a Utah corporation sole with a corporate address of 50 East North Temple, Salt Lake City, Utah 84150.

_Pau D. R_____
PAUL D. RYTTING

Sworn to before me this
12th the day of December , 2017

_Wakefield_____
NOTARY PUBLIC



NANCY WAKEFIELD
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 10/18/2020
Commission # 691512

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the foregoing document was electronically filed via the ECF System (which is available for public viewing and printing) and has been served this day upon the following by regular mail:

Diana Lakic, Esquire
Law Offices of Diana Lakic, LLC
42 East Westfield Avenue
Roselle Park, NJ 07204
**Attorneys for Plaintiff**

POST & SCHELL, P.C.

BY: _____

DATED: December 15, 2017

CHRISTOPHER T. CHANCLER, ESQUIRE
Attorneys for DEFENDANTS